No. 3--96--0563

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1997

BERENICE N. McGURK, Guardian of )  Appeal from the Circuit Court

MICHAEL T. McGURK, a Disabled   )  for the 12th Judicial Circuit

Person,                         )  Will County, Illinois

                                )

     Plaintiff-Appellee,        )

                                )  No. 96-L-1734

          v.                    )

                                )

LINCOLNWAY COMMUNITY SCHOOL     )  Honorable

DISTRICT #210,                  )  William McMenamin

                                )  Judge, Presiding

     Defendant-Appellant.       )

_________________________________________________________________

              MODIFIED UPON DENIAL OF PETITIONS FOR REHEARING

            JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

     Berenice N. McGurk, as guardian of her disabled son, Michael,

filed suit alleging that Lincolnway Community School District #210

was negligent in furnishing and modifying Michael's football

helmet.  The school district filed a motion to dismiss, alleging

that it is immune from suit under the provisions of the Local

Governmental and Governmental Employees Tort Immunity Act (Tort

Immunity Act).  745 ILCS 10/2-101 et seq. (West 1992).  The trial

judge denied the motion, but permitted the district to appeal

pursuant to Supreme Court Rule 308.  134 Ill. 2d R. 308.  

     Plaintiff's complaint alleged that the negligence of

Lincolnway Community High School District resulted in the severe

and permanent closed head injuries that Michael sustained during a

football game.  Specifically, plaintiff alleged that the school

district breached its duty to exercise ordinary care when it

furnished Michael with an "All American MaxPro Model 2001" football

helmet, but subsequently modified the helmet by removing the

Shockblocker II safety system and replacing it with a static face

guard.

     On appeal, the central issue is whether the Tort Immunity Act

(745 ILCS 10/1-101 et seq. (West 1994)) immunizes high school

districts from alleged acts of negligence pertaining to the

providing of athletic equipment to students.  We hold that the Tort

Immunity Act provides such immunity.

     In Gerrity v. Beatty, 71 Ill. 2d 47, 51-53, 373 N.E.2d 1323,

1325-26 (1978), the supreme court held that the in loco parentis

provision of sections 24-24 and 34-84a of the School Code (then

Ill.Rev.Stat.1973, ch. 122, pars. 24-24, 34-84a, now 105 ILCS 5/24-

24, 34-84a (West 1994)) did not immunize school districts from the

duty to exercise ordinary care in providing students with equipment

for athletic activities.  In Lynch v. Board of Education of

Collinsville Community Unit District No. 10, 82 Ill. 2d 415, 412

N.E.2d 447 (1980), the supreme court clarified the nature of this

duty:

     "* * * we think a school district has an affirmative

     duty, where students are engaging in school activities,

     whether they are extracurricular, or formally authorized

     as part of the school program, to furnish equipment to

     prevent serious injuries.  At the least, a school

     district should furnish helmets and face guards for a

     game such as football, where head injuries are common and

     severe."  Lynch, 82 Ill. 2d at 434-35, 412 N.E.2d at 459.

Recently, in Palmer v. Mt. Vernon Township High School District

201, 169 Ill. 2d 551, 662 N.E.2d 1260 (1996), the supreme court

again reaffirmed the existence of a school district's duty to

exercise ordinary care; however, the court also noted the limits of

school districts' obligations:

     "The school district had an obligation to provide to all

     students, including [plaintiff], the safety equipment

     that was reasonably necessary in order to protect players

     from reasonably foreseeable, serious bodily injury. * *

     * We decline [plaintiff's] invitation to impose upon the

     school district a duty to warn students that they should

     purchase and wear safety equipment * * *."  Palmer, 169

     Ill. 2d at 560, 662 N.E.2d at 1264.

It is important to note that Gerrity, Lynch and Palmer addressed

the immunity and duties of school districts under the School Code;

none of these cases pertained to the Tort Immunity Act.

     Plaintiff contends that these decisions are antithetical to

the application of the Tort Immunity Act.  Specifically, plaintiff

argues that if we were to hold that the Tort Immunity Act applies

in cases such as this, we would be effectively "killing off" the

duty recognized in Gerrity, Lynch and Palmer.

     Section 2-109 of the Tort Immunity Act provides that a local

public entity is not liable for an injury resulting from an act or

omission of its employee where the employee is not liable.  745

ILCS 10/2-109 (West 1994).  In turn, a public employee is not

liable for an injury resulting from an act or omission when

exercising discretion.  745 ILCS 10/2-201 (West 1994).

     In Bowers v. Du Page County Board of School Trustees District

No. 4, 183 Ill. App. 3d 367, 539 N.E.2d 246 (1989), a school

district's motion to dismiss was granted on the basis of the Tort

Immunity Act.  The appellate court held that "the School Code and

the Tort Immunity Act are to be interpreted independently of one

another."  Bowers, 183 Ill. App. 3d at 377, 539 N.E.2d at 253. 

Under the Tort Immunity Act, the analysis focuses upon whether the

alleged acts or omissions involve discretion.  In Bowers, the court

concluded that the supply and use of particular equipment

constitutes discretionary acts.  Bowers, 183 Ill. App. 3d at 379,

539 N.E.2d at 254.  Accordingly, the court affirmed the dismissal

of the negligence count against the school district.  

     The distinction between the School Code and the Tort Immunity

Act is well established, predating all of the above-mentioned

cases.  See Kobylanski v. Chicago Board of Education, 63 Ill. 2d

165, 174, 347 N.E.2d 705, 710 (1976) ("The immunity conferred upon

educators by sections 24-24 and 34-84a [of the School Code] * * *

is not derived from the Tort Immunity Act").  Further, the

selection and modification of specific athletic equipment involve

a degree of discretion.  We hold that the circuit court erred in

ruling that the Tort Immunity Act did not immunize the school

district for alleged negligence.

     Nonetheless, our holding should not be construed as "killing

off" the duty recognized in Gerrity, Lynch and Palmer.  Section 2-

201 of the Tort Immunity Act does not provide an absolute blanket

of immunity to all public entities; rather, it provides immunity

for public employees involved in the determination of public policy

or the exercise of discretion, "[e]xcept as otherwise provided by

Statute."  745 ILCS 10/3-109 (West 1992).

     One such exception is found in Section 3-109 of the Tort

Immunity Act.  745 ILCS 10/3-109 (West 1992).  Section 3-109

provides that public entities and employees are not liable to

persons participating in hazardous recreational activities,

including body contact sports; however immunity does not extend to

willful and wanton acts that are the proximate causes of injury. 

745 ILCS 10/3-109(a), (b) (West 1992).  Football is unquestionably

a body contact sport, i.e., a sport in which it is reasonably

foreseeable that there will be rough bodily contact with one or

more participants.  745 ILCS 10/3-109(b)(3) (West 1992).  Thus,

under the plain language of section 3-109, the legislature exempted

willful and wanton conduct from the immunity extended to cases

involving body contact sports such as football.  See Barnett v.

Zion Park District, 171 Ill. 2d 378, 391, 655 N.E.2d 808, 814

(1996).

     As noted above, we have reviewed this case pursuant to Supreme

Court Rule 308. 134 Ill. 2d R. 308.  "Review by the appellate court

pursuant to Supreme Court Rule 308 is limited to those questions

certified by the trial court."  Thompson v. Walters, 207 Ill. App.

3d 531, 533, 565 N.E.2d 1385, 1387 (1991).  Since the question

before this court does not address the issue of willful and wanton

conduct, we decline to make any finding or enter any order

pertaining to that issue.    

     The certified question of the circuit court of Will County is

answered.

     Certified question answered. 

     HOLDRIDGE, J., concur.

     BRESLIN, J., dissenting.

     JUSTICE BRESLIN, dissenting:

                                                                

     Because I believe that providing football helmets to students

is a ministerial act which must be carried out with ordinary care,

I respectfully dissent.  

     Lincolnway asserts that the Tort Immunity Act (745 ILCS 10/1-

1-1 et seq. (West 1994)) provides immunity in this case because,

although it had a duty to provide a helmet, whether or not to

provide a Shockblocker II was a discretionary act.  It relies on

Bowers v. Dupage County Regional Board of School Trustees District

No. 4, 183 Ill. App. 3d 367, 539 N.E.2d 246 (1989).  In Bowers, the

court held that the provision of equipment for physical education

classes was a discretionary act over which the School Board enjoys

immunity.  The court reasoned that since the School Code did not

direct that the Board use or supply particular equipment, the

provision of equipment was a discretionary act to which the Tort

Immunity Act applied.  I disagree.

     School districts have long had the duty to provide safety

equipment for athletic activities, (Palmer v. Mt. Vernon Township

High School District 201, 169 Ill. 2d 551, 662 N.E.2d 1260 (1996)),

including football helmets and face guards for football games.

Lynch v. Board of Education of Collinsville Community Unit District

No. 10, 82 Ill. 2d 415, 412 N.E.2d 447 (1980).  Acting pursuant to

that duty is acting ministerially. See Thomas v. Chicago Board of

Education, 60 Ill. App. 3d 729, 377 N.E.2d 55 (1978), rev'd on

other grounds, 77 Ill. 2d 165, 395 N.E.2d 55 (1979) (furnishing of

equipment is a function separate and apart from discretionary

authority).  Although some elements of discretion may be present,

inherent in the performance of every ministerial act is an element

of discretion.  See Bonnell v. Regional Board of School Trustees of

Madison County, 258 Ill. App. 3d 485, 630 N.E.2d 547 (1994).  In my

opinion, since the Board was required to provide helmets to

students, doing so was a ministerial act which must be carried out

with ordinary care.  Therefore, I would hold that the Board was not

granted immunity by the Tort Immunity Act.