JACQUELINE McSHANE, Special Adm'r of the Estate of Craig McShane, Deceased, Plaintiff, v. CHICAGO INVESTMENT CORPORATION, Defendant and Third–Party Plaintiff-Appellant (The City of Chicago, Third–Party Defendant-Appellee).

First District (5th Division)  No. 1—88—0492

Opinion filed October 27, 1989.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, James K. Horstman, and Lloyd E. Williams, Jr., of counsel), for appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and L. Anita Richardson, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:
This appeal follows dismissal of Chicago Investment Corporation's third-party complaint for contribution against the City of Chicago arising out of consolidated negligence actions brought by or on the behalf of four City of Chicago firemen.

We affirm.

On September 22, 1981, City of Chicago firemen responded to a fire at Willoughby Towers located at 8 South Michigan Avenue in Chicago. In the course of fighting the fire, two firemen, Louis Outlaw and Gerald Cathcart, were injured, and two others, Joseph Hitz and Craig McShane, died.

On September 1, 1983, Outlaw and Cathcart filed a complaint against Chicago Investment Corporation (CIC), owner of Willoughby Towers. As is relevant here, the complaint alleged CIC failed to prop-

erly maintain Willoughby Towers and that that negligence proximately caused injuries sustained by Outlaw and Cathcart. Concetta Hitz and Jacqueline McShane filed separate similar complaints against CIC as administrators of the estates of Joseph Hitz and Craig McShane, respectively. All three cases were consolidated in the circuit court.

In turn, CIC filed a third-party complaint for contribution against the City of Chicago (City) pursuant to sections 2 and 3 of the Contribution Among Joint Tortfeasors Act (Contribution Act) (Ill. Rev. Stat. 1985, ch. 70, pars. 302, 303). Generally, CIC alleged the City was negligent in training and/or directing its firemen.

The City moved to dismiss the third-party complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), arguing it was immune from liability under operation of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1985, ch. 85, pars. 1—101 through 10—101). The circuit court granted the City's motion and determined no just reason existed to delay appeal from the order of dismissal. This appeal followed.

OPINION

The issue presented is whether a contribution action, arising out of actions for negligence brought by firemen employed by the City, may be maintained against the City notwithstanding that a direct action against the City might be barred by the Tort Immunity Act. That identical issue was addressed by the third division of this court in *Martin v. Lion Uniform Co.* (1989), 180 Ill. App. 3d 955, 536 N.E.2d 736.

*Martin* involved an action brought by George H. Martin, a City fireman, for injuries received in fighting a fire in a building owned and managed by Krasny & Company (Krasny). In his complaint, Martin alleged causes of action for negligence against Krasny and strict liability against Lion Uniform Company (Lion), the manufacturer of the protective clothing worn by Martin. Both Krasny and Lion filed third-party complaints for contribution against the City and the Chicago fire department. The City moved to dismiss the third-party complaints, asserting nonliability under relevant provisions of the Tort Immunity Act. The circuit court denied the City's motion to dismiss, concluding the City's immunity from direct suit by Martin did not extend to immunity from contribution actions.

The third division reversed, relying on the settled common law rule in Illinois that a municipality owes no duty for negligence in con-

nection with the governmental function of providing fire protection service. (*Martin*, 180 Ill. App. 3d at 958, 536 N.E.2d at 738.) That rule of nonliability, the court concluded, was born of sound public policy and was designed as a bar to all liability, whether sought through a direct action or a third-party contribution action. (*Martin*, 180 Ill. App. 3d at 963-64, 536 N.E.2d at 741.) The court observed that the rule of nonliability as it relates to providing fire protection service has remained unaltered by statute, with narrow exception, and is actually codified in the Tort Immunity Act. *Martin*, 180 Ill. App. 3d at 959-60, 536 N.E.2d at 738.

We adopt the analysis set forth in *Martin* and likewise conclude that the City in the instant case cannot be liable in tort under the Contribution Act. We recognize, as the court did in *Martin*, that "[a] contrary holding would subject every fire department in the State to potential liability for each and every action [taken] in relation to fire protection services *** lead[ing] to hesitation on the part of the government to undertake and perform [those] essential duties." *Martin*, 180 Ill. App. 3d at 962, 536 N.E.2d at 740.

We therefore affirm the judgment of the circuit court dismissing the third-party complaint of CIC against the City.

Affirmed.

MURRAY, P.J., and PINCHAM, J., concur.