No. 2--96--0561

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

_________________________________________________________________

JOSHUA A. HENRICH, by his             ) Appeal from the Circuit Court

Mother and Next Friend,               ) of Lake County.

Judith Henrich,                       )

                                      ) No. 95--L--1017

     Plaintiff-Appellant,             )

                                      )

v.                                    )

                                      )

LIBERTYVILLE HIGH SCHOOL, and         )

LIBERTYVILLE SCHOOL DISTRICT          )

128,                                  )

                                      )

     Defendants-Appellees and    ) 

     Counterdefendants-Appellees )

                                      )

(Justin Burg, Defendant and      ) Honorable 

Counterplaintiff-Separate        ) Stephen E. Walter, 

Appellant).                      ) Judge, Presiding.

______________________________________________________________

     JUSTICE DOYLE delivered the opinion of the court:

     Plaintiff, Joshua A. Henrich, by his mother and next friend,

Judith Henrich, filed a three-count complaint in the circuit court

of Lake County seeking damages for personal injuries.  Counts I and

II of the complaint were directed against defendants Libertyville

High School (the High School) and Libertyville High School District

128 (collectively, the District).  Count I alleged willful and

wanton misconduct.  Count II alleged negligence.  Count III was

directed against defendant Justin Burg and alleged negligence. 

Burg subsequently filed a counterclaim for contribution against the

District.

     The circuit court granted the District's motion to dismiss

counts I and II on the ground that the District was immune from

liability under section 3--108 of the Local Governmental and

Governmental Employees Tort Immunity Act (Tort Immunity Act) (745

ILCS 10/3--108 (West 1994)).  The court also dismissed Burg's

counterclaim against the District.  

     Plaintiff appeals the dismissal of counts I and II of his

complaint.  Burg appeals the dismissal of his counterclaim.  The

issues raised on appeal are:  (1) whether the trial court erred

when it dismissed count I of plaintiff's complaint because section

24--24 of the School Code (105 ILCS 5/24--24 (West 1994)) governs

this case instead of section 3--108 of the Tort Immunity Act, and

under section 24--24 the District did not have immunity with

respect to the alleged willful and wanton misconduct; and (2)

whether the trial court erred when it dismissed Burg's counterclaim

for contribution.

     Plaintiff's complaint alleged the following.  On February 14,

1994, plaintiff underwent spine fusion surgery for a low back

medical condition.  On September 2, 1994, the physician who

performed the surgery on plaintiff wrote a letter advising

plaintiff that he was permanently restricted from participating in

contact sports "such as wrestling and football in gym class at

school."  On and before January 25, 1995, the District had received

a copy of the doctor's letter and also had actual knowledge of

plaintiff's medical condition and the permanent restrictions on his

activities with respect to physical education classes.

     Plaintiff's complaint further alleged the following.  On

February 2, 1995, plaintiff was a 17-year-old student at the High

School.  On that date, an agent or employee of the District

required plaintiff to play and participate in a game of water

basketball during a physical education class in the pool area of

the High School.  The District knew or should have known that water

basketball involved physical contact between the players. 

Plaintiff was severely and permanently injured while participating

in the water basketball game.

     Count I of plaintiff's complaint asserted that the District

required, allowed, or failed to prohibit plaintiff's participation

in the water basketball game, knowing that the game involved

physical contact and knowing of plaintiff's medical condition

and/or the restrictions on his activities due to his medical

condition.  Count I further asserted that the District allowed

Burg, a fellow student, to participate in the water basketball game

knowing that Burg was a particularly rough player.  Count I claimed

that the District's acts constituted willful and wanton misconduct

which proximately caused plaintiff's injuries.

     Count II of plaintiff's complaint reiterated the alleged acts

by the District set out in count I and added that the District

assigned a noncertified or inadequately trained substitute teacher

to the physical education class and failed to adequately supervise

the class.  Count II claimed that the District's acts constituted

negligent conduct which proximately caused plaintiff's injuries.  

     The District responded to the complaint by filing a combined

motion to dismiss the complaint pursuant to section 2--619.1 of the

Code of Civil Procedure (Code) (735 ILCS 5/2--619.1 (West 1994)). 

One of the two parts of the District's combined motion was pursuant

to section 2--619 of the Code (735 ILCS 5/2--619 (West 1994)).  The

section 2--619 part of the motion sought the dismissal of counts I

and II of the complaint on the ground that the District was immune

from liability under sections 3--108(a) and 3--109 of the Tort

Immunity Act (745 ILCS 10/3--108(a), 3--109 (West 1994)).

     The other part of the District's combined motion to dismiss

the complaint was pursuant to section 2--615 of the Code (735 ILCS

5/2--615 (West 1994)).  The section 2--615 part of the motion

sought the dismissal of count I of the complaint on the ground that

count I failed to plead adequately that the District's conduct was

willful and wanton.

     Burg filed an answer to count III of the complaint.  Burg

later filed a counterclaim for contribution against the District.

     The circuit court first partially disposed of the District's

combined motion to dismiss the complaint by denying the section

2--615 part of the motion and continuing the section 2--619 part of

the motion.  The court next issued an order granting the District's

motion to dismiss count II only.  The court based its ruling on a

determination that the District was immune from negligence actions

under the Tort Immunity Act.

     In a subsequent order, the circuit court granted the

District's motion to dismiss count I.  The court based its ruling

on a finding that section 3--108 of the Tort Immunity Act provided

immunity to the District for claims alleging willful and wanton

misconduct as well as claims alleging negligence.  In the same

order, the court dismissed Burg's counterclaim for contribution

against the district.  The order noted that count III of

plaintiff's complaint against Burg remained pending.  The order

further stated that the court's prior order dismissing count II and

the present order were final and appealable.

     Plaintiff appealed from the orders granting the District's

motion to dismiss counts I and II.  However, on appeal, plaintiff

contests only the dismissal of count I.  Burg appealed from the

order dismissing his counterclaim against the District.  We will

first address plaintiff's appeal.

     The ultimate issue before us with respect to plaintiff's

appeal is whether the District was immune from liability even if,

as plaintiff's complaint alleged, the District engaged in willful

and wanton misconduct.  The resolution of this issue depends on

whether, as plaintiff contends, section 24--24 of the School Code

was the controlling statute, or whether, as the District contends

and the trial court concluded, section 3--108(a) of the Tort

Immunity Act was also applicable.  

     The parties do not dispute the immunity provided by the two

statutes.  Section 24--24 of the School Code has been interpreted

to provide immunity for negligent, improper supervision by a

teacher and certain other educational employees as to school

activities, but not to provide immunity for willful and wanton

misconduct related to such supervision.  Kobylanski v. Chicago

Board of Education, 63 Ill. 2d 165, 173 (1976).  Section 3--108(a)

of the Tort Immunity Act provides immunity for both negligent

conduct and willful and wanton misconduct in situations in which it

applies.  Barnett v. Zion Park District, 171 Ill. 2d 378, 391

(1996).

     Section 3--108(a) of the Tort Immunity Act provides, in

pertinent part:

          "[N]either a local public entity nor a public employee

       is liable for an injury caused by a failure to supervise an

       activity on or the use of any public property."  745 ILCS

       10/3--108(a) (West 1994).

          The Tort Immunity Act defines "local public entity" by setting

out a list of such entities which specifically includes a "school

district."  745 ILCS 10/1--206 (West 1994).  Plaintiff concedes

that "public property," as those terms are used in section 3--

108(a), includes public schools. 

     Therefore, under the plain and unambiguous language of the

Tort Immunity Act, a public school district is not liable "for an

injury caused by a failure to supervise an activity on or the use

of" a public school.  A "failure to supervise," as used in section

3--108(a), encompasses improper supervision.  See Barnett, 171 Ill.

2d at 392.

     In this case, plaintiff asserts that his injury occurred "due

to improper supervision" of his "in-classroom" activities, in that

he was injured during a supervised gym class.  Thus, on its face,

section 3--108(a) applies to the facts of this case to provide

immunity to the District because the conduct in question was

alleged improper supervision of an activity which occurred in a

public school.

     Plaintiff does not really dispute the facial application of

section 3--108(a) to the facts of this case.  Rather, plaintiff

contends that section 24--24 of the School Code effectively

supersedes the Tort Immunity Act as to what immunities apply in

situations involving alleged improper supervision in a school

setting, particularly with respect to mandatory classroom

activities.  In plaintiff's view, section 3--108(a) of the Tort

Immunity Act does not apply in this case because this case involves

improper supervision in a required school class and such situations

are governed exclusively by section 24--24 of the School Code.

     In support of his position, plaintiff first cites a line of

supreme court cases in which the court applied section 24--24 (and

a different but analogous section) of the School Code to determine

whether the defendants in those cases were immune from liability

for alleged negligent conduct and/or willful and wanton misconduct

related to the supervision of students during school activities. 

Plaintiff contends that these cases (Kobylanski v. Chicago Board of

Education, 63 Ill. 2d 165 (1976), Gerrity v. Beatty, 71 Ill. 2d 47

(1978), Palmer v. Mt. Vernon Township High School District 201, 169

Ill. 2d 551 (1996)), stand for the proposition that section 24--24

of the School Code governs the immunity available to defendants in

cases such as this case, i.e., cases alleging negligence or willful

and wanton misconduct arising from the teacher-student relationship

and involving the exercise of a teacher's personal supervision and

control over the conduct or physical movement of a student.  Citing

the same cases, plaintiff asserts that, in such situations, the

supreme court has repeatedly affirmed that defendant school

districts are entitled to immunity only as to negligent

supervision, but not as to willful and wanton misconduct.

     The District responds that the cases cited by plaintiff do not

control this case because the defendants in the cited cases did not

seek immunity under the Tort Immunity Act.  The District notes

that, unlike the defendants in the cited cases, it relied on the

Tort Immunity Act for immunity.  The District asserts that the Tort

Immunity Act plainly provides that its immunities are available to

school districts and therefore the cases cited by plaintiff are

inapplicable.

     We agree with plaintiff's contention that Kobylanski, Gerrity,

and Palmer hold that section 24--24 applies to cases of alleged

improper supervision of a student by a teacher.  However, we also

agree with the District that those cases do not hold that the Tort

Immunity Act is inapplicable to cases alleging improper supervision

in a public school.  Kobylanski, Gerrity, and Palmer  simply did

not address the applicability of the Tort Immunity Act to provide

immunity for defendants in such settings.  Consequently, those

cases do not support plaintiff's position.

     Plaintiff next contends that section 24--24 of the School Code

is the controlling statute in this case rather than section 3--

108(a) of the Tort Immunity Act because section 24--24 is more

specific than section 3--108(a).  Plaintiff asserts that it is a

well-known and long-accepted rule of statutory construction that a

specific statute prevails over a general statute.

     However, plaintiff does not adequately explain how section 24-

-24 is more specific than section 3--108(a).  Section 24--24

provides that teachers and other educational employees must

maintain discipline in schools and on school grounds.  105 ILCS

5/24--24 (West 1994).  Section 24--24 further provides that

teachers and other educational employees "stand in the relation of

parents and guardians to the pupils" in matters relating to

discipline.  105 ILCS 5/24--24 (West 1994).  

     Based on the parental-like relationship between teachers and

pupils set out in section 24--24, courts have construed section 24-

-24 to mean that teachers and certain other employees have the same

immunity with respect to supervising pupils that parents have with

respect to supervising their children, i.e., immunity from

negligent conduct, but not from willful and wanton misconduct. 

See, e.g., Kobylanski, 63 Ill. 2d at 172-73.  Thus, section 24--24

does not expressly provide any immunity; rather, whatever immunity

section 24--24 provides arises indirectly from the in loco parentis

relationship of teachers and other educational employees with

students.  Moreover, any immunity provided to a school district by

section 24--24 is vicarious in that it is derived from the immunity

provided to teachers and other educational employees.  Sidwell v.

Griggsville Community Unit School District No. 4, 146 Ill. 2d 467,

472-73 (1992).

     On the other hand, one of the specified purposes of the Tort

Immunity Act is to provide immunity from liability to local

government entities such as school districts.  745 ILCS

10/1--101.1, 1--206 (West 1994).  Thus, with respect to the

immunity provided to a school district, section 3--108(a) of the

Tort Immunity Act is much more direct and specific than section 24-

-24 of the School Code.  Consequently, plaintiff's argument that

section 24--24 is controlling because it is more specific than

section 3--108(a) is unavailing.

     Even if plaintiff were correct regarding the specificity of

the statutes, there is another reason why section 24--24 is not

controlling with respect to section 3--108(a).  It is well

established that the School Code and the Tort Immunity Act are to

be interpreted independently of each other.  Bowers v. Du Page

County Regional Board of School Trustees District No. 4, 183 Ill.

App. 3d 367, 377 (1989).  

     Bowers involved, inter alia, alleged negligence on the part of

a school district in supplying equipment used in a gym class.  183

Ill. App. 3d at 376.  This court determined that the School Code

did not provide immunity to the school district for the alleged

negligence, but that sections 2--109 and 2--201 of the Tort

Immunity Act (Ill. Rev. Stat. 1985, ch. 85, pars. 2--109, 2--201)

provided such immunity to the school district. 

     Similarly, in this case it is undisputed that the School Code

does not provide immunity to the District for willful and wanton

misconduct.  However, section 3--108(a) of the Tort Immunity Act

does provide such immunity.  Because these statutes are to be

interpreted independently, the District can avail itself of the

immunity provided by section 3--108(a).

     We note that this court has held that section 3--108(a) of the

Tort Immunity Act applies to at least some situations involving the

supervision of students during school activities.  In Payne v. Lake

Forest Community High School District 115, 268 Ill. App. 3d 783

(1994), this court held that section 3--108(a) provides immunity to

a school district from liability for alleged willful and wanton

misconduct related to alleged improper supervision by a school

district employee of high school students working on a school

talent show.  Plaintiff attempts to distinguish Payne from this

case because Payne did not address the applicability of the School

Code and did not involve the supervision of students during a

required class.

     Both in his reading of Payne and in his general position,

plaintiff essentially requests that we construe section 3--108(a)

so that the immunity it provides is not available to school

districts facing allegations of willful and wanton misconduct

related to the improper supervision of a student in a required

class.  Plaintiff asserts that unless we construe section 3--108(a)

in that way school districts will have blanket immunity for any

misconduct, including willful and wanton misconduct, in abrogation

of the School Code.

     The fundamental canon of statutory construction is to

ascertain and give effect to the intention of the legislature. 

Nottage v. Jeka, 172 Ill. 2d 386, 392 (1996).  The best indicator

of legislative intent is the language of the statute when given its

plain and ordinary meaning.  People v. Tucker, 167 Ill. 2d 431, 435

(1995).  Where the language of a statute is clear and unambiguous,

we must give it effect as written, without reading into it

exceptions, limitations, or conditions which the legislature did

not express.  Garza v. Navistar International Transportation Corp.,

172 Ill. 2d 373, 378 (1996). 

     Under the plain and unambiguous language of section 3--108(a),

a school district is not liable for injuries caused by improper

supervision of an activity on public property.  745 ILCS 10/3--

108(a) (West 1994).  The legislature did not express any exceptions

to the immunity provided by section 3--108(a).  Therefore, under

the above principles, we may not read an exception into the

language of section 3--108(a) for alleged improper supervision by

a teacher that occurred in a required class.

     We realize that our decision may be perceived as potentially

leading to harsh results in that students injured during supervised

activities in public schools will no longer be able to recover from

a school district even if the school district engaged in willful

and wanton misconduct related to the supervision of the activity. 

However, we are constrained to accept and follow the clear dictates

of the legislature as expressed in section 3--108(a).  If, as a

matter of public policy, or for some other reason, the legislature

wished to express an exception to the immunity provided by section

3--108(a) in situations involving improper supervision in a public

school classroom, it could have done so.  It has not expressed such

an exception, and we may not construe section 3--108(a) to provide

such an exception.

     For these reasons, we conclude that the trial court did not

err when it ruled that the immunity provided by section 3--108(a)

of the Tort Immunity Act was available to the District.  Because

section 3--108(a) provides immunity for willful and wanton

misconduct, the trial court correctly granted the District's motion

to dismiss count I of plaintiff's complaint.

     We now turn to Burg's appeal.  Burg contends that the trial

court erred when it dismissed his contribution action against the

District because (1) Illinois case law allows such actions; and (2)

the statute which provides for several liability precluded the

dismissal of his action.  

     As to the contention of error based on Illinois case law, Burg

has not cited, and our research has not revealed, any Illinois case

which has held that a party can maintain a contribution action

against a local public entity which is immune from suit.  On the

contrary, Illinois cases have consistently held that a local public

entity may assert immunities provided by the Tort Immunity Act to

bar a contribution action.  See, e.g., Buell v. Oakland Fire

Protection District Board, 237 Ill. App. 3d 940 (1992); McShane v.

Chicago Investment Corp., 190 Ill. App. 3d 357 (1989); Martin v.

Lion Uniform Co., 180 Ill. App. 3d 955 (1989); Lietsch v. Allen,

173 Ill. App. 3d 516 (1988).  Burg has not pointed to anything in

the record which persuades us to disregard these cases. 

Accordingly, we conclude that Illinois case law does not support

Burg's argument that the trial court erred in dismissing his

contribution action.

     Burg next contends that the trial court erred when it

dismissed his contribution action because section 2--1117 of the

Code (735 ILCS 5/2--1117 (West Supp. 1995)), which provides, in

part, that a defendant in an action seeking damages for bodily

injury "is severally liable only," precluded the dismissal.  Burg

asserts that he must be allowed to maintain his contribution action

to determine whether the immunities provided to the District by the

Tort Immunity Act, if any, deprive him of his several liability

under section 2--1117.

     The District first responds that Burg has waived this issue

because he did not raise it before the trial court.  In his reply

brief, Burg does not reply to the District's waiver argument.  Our

review of the record reveals nothing to indicate that Burg raised 

before the trial court the issue of whether section 2--1117

precluded dismissal of his contribution action.

     Issues not raised in the trial court are deemed waived and may

not be raised for the first time on appeal.  Haudrich v. Howmedica,

Inc., 169 Ill. 2d 525, 536 (1996).  In this case, Burg has offered

no explanation for his failure to raise the issue in the trial

court.  Accordingly, the issue of whether section 2--1117 of the

Code precluded dismissal of Burg's contribution action is deemed

waived.

     For the reasons stated, we conclude that the trial court did

not err when it dismissed Burg's contribution action.

     Based on the foregoing, the judgment of the circuit court of

Lake County is affirmed.

     Affirmed.

     GEIGER, P.J., and RATHJE, J., concur.