MARK RACICH, Plaintiff-Appellant, v. JO ANNE ANDERSON, Defendant-Appellee.

Third District   No. 3—92—0442

Opinion filed February 18, 1993.

Thomas P. Naughton, of Law Offices of Naughton & Markese, of Joliet (Paula A. Gomora, of counsel), for appellant.

James B. Harvey, of McKeown Law Office, of Joliet (Gary S. Mueller, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Mark Racich, brought a negligence action against the defendant, Jo Anne Anderson. The circuit court of Will County granted the defendant's motion to dismiss on the grounds the action

was not commenced within the applicable statute of limitations. The plaintiff now appeals, and we affirm.

The record shows that on December 13, 1989, the plaintiff's vehicle collided with a school bus driven by the defendant. On June 10, 1991, the plaintiff filed a one-count complaint against the defendant contending she was both careless and negligent, and that as a result he suffered severe and permanent injuries.

The defendant filed a motion to dismiss in which she maintained that at the time of the collision she was driving a school bus as an employee of the Joliet High School District No. 204. The motion asserted the plaintiff had failed to file his complaint within the applicable one-year statute of limitations found in section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/8—101 (West 1992)). Attached to the motion was an affidavit in which the defendant stated that at the time of the collision she was transporting students from the school to their homes.

Following a hearing, the circuit court dismissed the complaint with prejudice finding the one-year statute of the limitations found in section 8—101 applied in this case and the action was time barred.

On appeal, the plaintiff contends he brought his action against the defendant in her individual capacity and not as an employee of the school district. He argues therefore that the two-year statute of limitations found in section 13—202 of the Code of Civil Procedure (the Code) (735 ILCS 5/13—202 (West 1992)) applies to this action. This exact statutory question appears to be one of first impression.

Section 8—101 of the Act states: "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term 'civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." (745 ILCS 10/8—101 (West 1992).) Section 13—202 of the Code provides that actions for personal injuries must be commenced within two years of the accrual of the cause of action.

The plaintiff concedes section 8—101 would generally apply to a cause of action brought against a public employee acting within the scope of his or her employment. However, he maintains the two-year limitation in section 13—202 applies to causes of action brought against public employee-drivers in their individual capacity and not as public employees. The plaintiff argues this distinction arises out of the duty of care to which all drivers on public roads are subject and which is independent of their status as public employees. See *Bartholomew*

*v. Crockett* (1985), 131 Ill. App. 3d 456, 475 N.E.2d 1035; *Gocheff v. State Community College* (1979), 69 Ill. App. 3d 178, 386 N.E.2d 1141.

In support of his argument, the plaintiff cites to cases examining the scope of sovereign immunity. *Gocheff v. State Community College* (1979), 69 Ill. App. 3d 178, 368 N.E.2d 1141; *Currie v. Lao* (1992), 148 Ill. 2d 151, 592 N.E.2d 977.

In *Currie*, the plaintiff was injured in a collision with the defendant, an Illinois State trooper, on a street in Joliet. The trooper was assigned to patrol Interstate 80. The trooper testified he received a call to proceed to the scene of a disturbance in Joliet. The collision occurred at an intersection as the officer was traveling in the wrong direction on a one-way street. A City of Joliet police sergeant testified their records did not reflect a call for State Police assistance. Another State trooper testified he overheard the call for the defendant's assistance. The jury found for the plaintiff.

On appeal the appellate and supreme courts affirmed. The supreme court rejected the defendant's claim that the circuit court lacked subject-matter jurisdiction under the doctrine of sovereign immunity. The defendant argued the action was actually against the State and therefore the Court of Claims had exclusive jurisdiction over the cause of action. In setting forth the appropriate test, the court stated:

> "An action brought nominally against a State employee in his individual capacity will be found to be a claim against the State where a judgment for the plaintiff could operate to control the actions of the State or subject it to liability. [Citation.]
>
> A State employee is not immunized by sovereign immunity for his own acts of negligence merely because he was acting within the scope of his employment. [Citation.] *** [W]e conclude that the proper inquiry is to analyze the source of the duty the employee is charged with breaching in committing the allegedly negligent act. Where the charged act of negligence arose out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State employment, sovereign immunity will bar maintenance of the action in circuit court. [Citations.] Conversely, where the employee is charged with breaching a duty imposed on him *independently* of his State employment, sovereign immunity will not attach and a negligence claim may be maintained against him in circuit court. [Citations.] In other words, where an employee of the State, although acting within the scope of his employment, is

charged with breaching a duty that arose independently of his State employment, suit against him will not be shielded by sovereign immunity." (Emphasis in original.) *Currie v. Lao* (1992), 148 Ill. 2d 151, 158-59, 592 N.E.2d 977, 980.

The plaintiff in this case concedes the cases he relies on deal with sovereign immunity; however, he contends the same public policy reasons expressed in cases like *Currie* apply in the instant case and limit the scope of section 8—101. He argues that although the defendant was acting within the scope of her employment at the time of the collision, the action he brings charges her with breaching a duty imposed on her independent of her employment as a school bus driver, *i.e.*, a public employee.

■■ However, the analysis in *Currie* and other cases on sovereign immunity rests on the premise that the doctrine shields the *State* rather than State employees. Thus, absent specific statutory provisions, only where a judgment against the State employee could operate to control the actions of the State or subject it to liability does sovereign immunity encompass the State employee's actions. Here, we are presented with specific statutory language limiting the time in which a party may bring a cause of action against a local entity *and* any of its employees. Whether the defendant in this case would be entitled to invoke a sovereign immunity defense is, in our view, a separate question, the resolution of which does not necessarily indicate the outcome of the issue before us.

The statute at issue here, section 8—101, was amended in 1986 to, *inter alia*, shorten the limitations period from two years to one and add the phrase "or any of its employees." The cases cited by the plaintiff predate this amendment. Even in *Currie*, the events giving rise to the cause of action occurred prior to the 1986 amendments. The statute of limitations issue is not discussed in these cases in any event.

Judicial construction of a statute is necessary only when the statute is unclear and ambiguous. (*Toys "R" Us, Inc. v. Adelman* (1991), 215 Ill. App. 3d 561, 574 N.E.2d 1328.) If the language of the statute is plain and unambiguous, then there is no occasion for statutory construction and the plain meaning of the statute should be given effect. *Fosco v. Illinois Municipal Retirement Fund* (1991), 213 Ill. App. 3d 842, 572 N.E.2d 370.

■ In the instant case, the defendant was operating within the scope of her employment as a school bus driver at the time of the collision. The plaintiff acknowledges this fact. Section 8—101 requires that civil actions against employees of a local public entity must be

commenced within one year of the injury. The term "civil action" is defined as any action based on the common law, statutes or the Constitution of this State. Under a plain reading of section 8—101, the plaintiff's civil action falls within the parameters of the statute. Thus, the circuit court correctly determined that the plaintiff's cause of action was time barred and dismissed his complaint with prejudice.

Therefore, the judgment of the circuit court of Will County is affirmed.

Affirmed.

McCUSKEY, P.J., and LYTTON, J., concur.