THERESA THOMAS, Indiv. and as Next Friend and Mother of Latosha Franklin, a/k/a Latosha Thomas, a Minor Child, Plaintiff-Appellee, v. DERRICK GARNER, Defendant-Appellant.

Fifth District    No. 5—95—0918

Opinion filed October 23, 1996.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and A. Benjamin Goldgar, Assistant Attorney General, of counsel), for appellant.

John Malec, of Martin & Malec, of St. Louis, Missouri, for appellee.

PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

This case is on appeal pursuant to Supreme Court Rule 308. 155 Ill. 2d R. 308. On November 27, 1995, the trial court granted defendant's oral motion for interlocutory appeal, finding, "[T]here

are questions of law as to which there [are] substantial grounds for difference of opinion and *** resolution of two issues will materially advance the litigation." The trial court certified the following questions for appeal:

"1. Does the circuit court have jurisdiction of an action against a state-employed bus driver for alleged violation of a state statute requiring a school bus driver to discharge passengers on a four-lane highway only at a place where their residences are to the right of the highway, pursuant to [section 11—1415 of the Illinois Vehicle Code (625 ILCS 5/11—1415 (West 1994))]?

2. Does the driver of a school bus owe a duty of care to a plaintiff-pedestrian where the plaintiff-pedestrian is struck by an automobile while crossing the street to pick up a child passenger where the plaintiff-pedestrian alleges that the bus driver negligently placed his passenger in a position of peril, necessitating rescue by the plaintiff-pedestrian?"

On January 10, 1996, this court granted defendant's application for leave to appeal from the above-certified questions.

## A. PROCEDURAL HISTORY

On December 13, 1990, plaintiff, Theresa Thomas (Theresa), individually and as the next friend and mother of Latosha Franklin, a/k/a Latosha Thomas (Latosha), filed a one-count complaint against defendant. The relevant allegations of plaintiff's complaint are as follows. Latosha is a minor child, born November 23, 1979. Theresa is her mother. Defendant was "the operator of a certain school bus" and was charged with the responsibility of transporting Joseph Franklin (Joseph), the younger brother of Latosha, "to and from his residence and school facilities." On or about October 31, 1989, when defendant was transporting Joseph back to his residence, Latosha "was struck while crossing the street as a direct and proximate result of the negligent acts or omissions of the Defendant."

In her complaint, Theresa alleged that defendant was negligent in failing to exercise ordinary care, by permitting Joseph "to alight from the bus across the street from his residence" and in failing to transport Joseph to "a place from which he could have walked to his home without crossing the street," thereby placing him "in a position of peril that necessitated rescue by Latosha Franklin." Plaintiff alleged that defendant "permitted or was going to permit Joseph Franklin to leave the bus unassisted when he knew or should have known that such a procedure would be likely to result in an injury to Joseph Franklin and further that such a procedure would necessitate the rescue of Joseph Franklin by such other individuals as the Plaintiff."

On May 22, 1995, defendant filed a motion for summary judg-

ment on the grounds, *inter alia*, that defendant owed no duty to plaintiff's child, who was not a bus passenger, and that it was not reasonably foreseeable that a nonpassenger would run across the street as the bus was stopped to drop off a passenger. On October 26, 1995, the trial court denied defendant's motion for summary judgment.

In November 1995, defendant filed a motion to dismiss for want of jurisdiction, on the ground that the doctrine of sovereign immunity barred this suit against defendant in the circuit court and thus the Court of Claims had exclusive jurisdiction. On November 27, 1995, the trial court denied defendant's motion to dismiss and certified the above questions for interlocutory appeal.

## B. ANALYSIS

### 1. JURISDICTION

■ We now turn to the first certified question, whether the circuit court is vested with jurisdiction of plaintiff's claim. Defendant argues that this lawsuit is only nominally against him and that the real party in interest is the State of Illinois. Where a lawsuit is nominally against a state employee, but where a judgment in plaintiff's favor could operate to control the actions of the state or subject it to liability, then the action is regarded as against the state and must be brought in the Court of Claims. *Currie v. Lao*, 148 Ill. 2d 151, 158 (1992); 705 ILCS 505/8 (West 1994). The determination of whether a case is against the employee as an individual or against the state depends upon the issues involved and the relief sought. *Currie*, 148 Ill. 2d at 158; *Healy v. Vaupel*, 133 Ill. 2d 295 (1990).

■ Defendant argues that a plaintiff cannot evade the exclusive jurisdiction of the Court of Claims by suing the employee when his real claim is against the state itself. As a general rule, defendant is correct. *Healy*, 133 Ill. 2d at 308. However, it is equally true that a state employee such as defendant cannot evade liability and "is not immunized by sovereign immunity for his own acts of negligence merely because he was acting within the scope of his employment." *Currie*, 148 Ill. 2d at 158.

> "The issue of when a State employee's on-the-job negligence is immunized has been the focus of numerous divergent, and sometimes contradictory, approaches in the case law. After careful study of these approaches, we conclude that *the proper inquiry is to analyze the source of the duty the employee is charged with breaching in committing the allegedly negligent act.* Where the charged act of negligence arose out of the State employee's breach of a duty that is imposed on him solely by virtue of his State employment,

sovereign immunity will bar maintenance of the action in circuit court. [Citations.] Conversely, where the employee is charged with breaching a duty imposed on him independently of his State employment, sovereign immunity will not attach and a negligence claim may be maintained against him in circuit court. [Citations.] In other words, where an employee of the State, although acting within the scope of his employment, is charged with breaching a duty that arose independently of his State employment, a suit against him will not be shielded by sovereign immunity." (Emphasis added and omitted.) *Currie*, 148 Ill. 2d at 159.

■ In the first question certified to this court, we are asked to presume that defendant is employed by the state and that he is alleged to have violated "a statute requiring school bus drivers to discharge their passengers on a four-lane highway only at a place where their residences are to the right of the highway." We find that the duty defendant allegedly breached is a duty that every school bus driver owes to his minor passengers.

The duty alleged as breached is not unique to defendant's state employment but is independent of that employment. "School bus drivers are required to transport children safely between the school and home[.]" *People v. Davis*, 88 Ill. App. 3d 728, 732 (1980). As a general rule, bus drivers, whether they are employed by the state, a local school district, a private school, or a private company, are under a duty to operate their buses "in a safe and reasonable manner to protect the safety of the children on the bus as well as the general public on the road." *Board of Education of School District U-46 v. Illinois Educational Labor Relations Board*, 216 Ill. App. 3d 990 (1991).

The statute defendant is alleged to have breached is part of the Illinois Vehicle Code (the Vehicle Code). 625 ILCS 5/1—100 *et seq.* (West 1992). The statute regulates the manner in which school buses are allowed to stop in order to load and discharge passengers. 625 ILCS 5/11—1415 (West 1992). The Vehicle Code defines a school bus as follows:

"every motor vehicle *** owned or operated by or for any of the following entities for the transportation of persons regularly enrolled as students in grade 12 or below in connection with any activity of such entity:

Any public or private primary or secondary school;

Any primary or secondary school operated by a religious institution; or

Any public, private or religious nursery school." 625 ILCS 5/1—182(a) (West 1992).

Defendant, who is employed by the State of Illinois, is alleged to have breached a duty imposed upon him under the statutes of this

state, a duty that applies to all school bus drivers. Since a school bus driver is by statutory definition one who drives a school bus for any public, private, or religious preschool or grade school, we fail to see how defendant's employment with the state operates to insulate him from liability for an alleged violation of a statute that applies to all school bus drivers, regardless of who employs them. Thus, under the source-of-duty rule as defined in *Currie*, the defendant in the case at bar, although acting within the scope of his employment at the time of Latosha's accident, is charged with breaching a duty that arose independently of his state employment, and he is not shielded by sovereign immunity from the jurisdiction of the circuit court.

■ In addition to the rule set forth in *Currie* regarding the source of the duty, the courts have developed a three-part test to use in determining whether a case must be brought in the Court of Claims. The test for determining when an action is against the state and must be brought in the Court of Claims has been stated as follows:

> "[W]hen 'there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State, then the cause of action is only nominally against the employee.'" *Healy*, 133 Ill. 2d at 309, quoting *Robb v. Sutton*, 147 Ill. App. 3d 710, 716 (1986).

We interpret the test as allowing the case to be heard in the circuit court if any of the three conditions are not met, rather than requiring dismissal for want of jurisdiction if one of the conditions is met. *Healy*, 133 Ill. 2d at 309; *Janes v. Albergo*, 254 Ill. App. 3d 951, 958 (1993).

■ Under the three-part test adopted in *Healy*, we find that the Court of Claims does not have exclusive jurisdiction of this lawsuit. As we have previously stated, the duty that defendant is alleged to have breached is one owed to the public generally, independent of defendant's employment with the state. Therefore, we do not find that the three-part test set forth in *Healy* requires this case to be tried exclusively in the Court of Claims.

Our holding that the circuit court has jurisdiction to decide plaintiff's claim comports with the rationale underlying the extension of sovereign immunity to a limited group of state employees. "The rationale behind extending the immunity to State employees in certain situations is that a suit against that employee could operate to control the action of the *State*, thereby allowing the State's im-

munity to be circumvented." (Emphasis in original.) *Currie*, 148 Ill. 2d at 159.

Defendant argues that a judgment in favor of plaintiff will operate to control the actions of the state because state law currently specifies the procedure a school bus driver must follow in discharging his passengers and thus a judgment in plaintiff's favor would operate to control the state in establishing these procedures. We disagree. Any judgment plaintiff succeeds in obtaining against defendant will apply only to defendant's actions, not other state employees and not the state as an entity itself. The rules as set forth in the Vehicle Code will remain the same. If we were to accept defendant's argument, we would have to grant sovereign immunity to every state employee charged with a violation of a state statute, an absurd result that the law does not permit. *Currie*, 148 Ill. 2d 151.

■ Defendant makes several additional arguments that are beyond the scope of either certified question. When deciding a case such as this under Rule 308, the court of review will not consider issues outside the scope of the certified question. *Bachman v. Sharon & Lo's Place, Inc.*, 185 Ill. App. 3d 40 (1989); *Koch v. Spalding*, 174 Ill. App. 3d 692 (1988). While defendant's arguments may have some bearing on the ultimate outcome of this case, they do not convince us that the circuit court lacks jurisdiction to consider this case.

For all of these reasons, we answer the first certified question affirmatively.

## 2. RESCUE DOCTRINE

Under the second certified question, we are asked to consider whether the driver of a school bus owes a plaintiff-pedestrian a duty of care under the rescue doctrine. We answer this question affirmatively for two reasons: We are bound by the procedural history of the case and by the terms of the certified question itself.

■ "A rescuer is someone who voluntarily attempts to save the life or secure the safety of another who is in a position of peril. [Citation.] Often, when a rescuer comes to the aid of another, the rescuer knowingly subjects himself to imminent peril. Because of this and because of the public policy interests in promoting rescue, the rescue doctrine was long ago recognized and established. The rescue doctrine arises when a plaintiff brings an action based on negligence against a defendant whose negligence has placed a third party in a position of peril. If the plaintiff is injured in the attempt to rescue that third party, then he is allowed to negate a presumption that his intentional act of rescue is the superseding cause of his injuries, thereby allowing him to prove that defendant's negligence is the proximate cause of his injuries." *Seibutis v. Smith*, 83 Ill. App. 3d 1010, 1015-16 (1980).

■ Thus, the second certified question must be answered affirmatively under the case law of Illinois. Although we find no case law specifically applying the rescue doctrine to a plaintiff-pedestrian and a defendant-school bus driver, we do not find anything about this factual scenario that prevents the application of the rescue doctrine as a matter of law.

Finally, we note that defendant conceded in oral argument that, as worded, the second certified question requires an affirmative answer unless this court will review the underlying facts of the case. However, we have already determined that we are bound by both the procedural history of the case and the terms of the certified question. Therefore, we decline defendant's invitation to review the facts to determine whether Latosha was entitled to rescue Joseph and whether defendant's negligence was the proximate cause of Latosha's injuries.

## C. CONCLUSION

For all of the reasons stated, we answer both certified questions in the affirmative and remand the case to the trial court for further proceedings consistent with this opinion.

Certified questions answered; cause remanded.

CHAPMAN and GOLDENHERSH, JJ., concur.