NO. 4-97-1020

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

DARRELL COURSON, a Minor, by PAULA ) Appeal from

COURSON, his mother and next friend, ) Circuit court of

Plaintiff-Appellant, ) Vermilion County

v. ) No. 95L38

DANVILLE SCHOOL DISTRICT NO. 118, )

Defendant-Appellee. ) Honorable

) Thomas J. Fahey,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

On May 9, 1994, plaintiff, Darrell Courson, was a 13- year-old eighth-grade student at North Ridge Middle School in Danville.  On that date Courson was using a table saw during shop class when the board flipped up and the saw blade cut his index finger and the middle finger of his left hand.  Courson brought this action against defendant, Danville School District No. 118 (District).   

Count I of the complaint alleged the District was negligent in providing defective and unsafe equipment.  Among other things count I alleged that the District negligently failed to provide a shield or guard for the saw and failed to properly maintain the saw.  Count II of the complaint alleged the Dis­trict was guilty of willful and wanton conduct.  Among other things, count II alleged that the District failed to provide adequate supervi­sion and failed to warn plaintiff despite the District's prior knowl­edge of the unsafe condition of the saw.

The trial court dismissed count II of the complaint on the basis of section 3-108(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immuni­ty Act) (745 ILCS 10/3-108(a) (West 1994)), which provides that "[e]xcept as other­wise provided by this Act *** neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property."  The trial court later granted summary judgment to the District as to count I on the basis of section 2-201 of the Tort Immunity Act, holding that the conduct of the District involved discre­

tionary action.  Section 2-201 states: 

"Except as otherwise provided by Stat­

ute, a public employee serving in a position involving the determina­tion of policy or the exercise of discretion is not liable for an injury result­ing from his act or omission in deter­mining policy when acting in the exer­

cise of such discre­tion even though abused."  745 ILCS 10/2-201 (West 1994).  

A local public entity, such as the District, is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.  745 ILCS 10/2-109 (West 1994).  

Plaintiff appeals the summary judgment entered as to count I.  Summary judgment may be granted only when "the plead

ings, depositions, and admissions on file, together with the affida­vits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  735 ILCS 5/2-1005(c) (West 1994).  In ruling on a motion for summary judgment, the trial court must consider the pleadings, depositions, and affidavits strictly against the movant and in favor of the opposing party.  
Dowd & Dowd, Ltd. v. Gleason
, 181 Ill. 2d 460, 483, 693 N.E.2d 358, 370 (1998).  We review an order grant­ing summary judg­ment as a ques­

tion of law.  
O'Banner v. McDonald's Corp.
, 173 Ill. 2d 208, 215, 670 N.E.2d 632, 635 (1996).   

Section 24-24 of the School Code requires teachers and noncertified personnel to maintain discipline in the schools.  "In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils."  105 ILCS 5/24-24 (West 1994).  Since a parent is not liable for injuries to his child absent willful and wanton misconduct, section 24-24 makes teach­

ers immune from liability for ordinary negligence.  
Kobylanski v. Chicago Board of Education
, 63 Ill. 2d 165, 170, 173, 347 N.E.2d 705, 708, 709 (1976).  Section 24-24, however, says nothing about school districts.  Where the com­plaint alleges the independent negli­gence of the school district, for example, the negligent providing of athletic equipment, and not the vicarious liability of the district through the acts of a teacher, the district is not entitled to immunity under section 24-24.  
Sidwell v. Griggsville Community Unit School District No. 4
, 146 Ill. 2d 467, 473, 588 N.E.2d 1185, 1188 (1992); 
Gerrity v. Beatty
, 71 Ill. 2d 47, 52, 373 N.E.2d 1323, 1326 (1978); 
Palmer v. Mt. Vernon Township High School District 201
, 169 Ill. 2d 551, 558-

59, 662 N.E.2d 1260, 1263-64 (1996).  

The trial court granted summary judgment as to count I on the basis of section 2-201 of the Tort Immunity Act, not on the basis of the School Code.  The question has been raised whether the broad language of the Act supplants specific provi­

sions of the School Code.  See D. Metzler, R. Mann-Stadt, & P. Thurston, 
Negligence Liabil­i­ty in Illinois Schools
, 83 Ill. B.J. 72 (1995).  In 
Sidwell
, where a child fell in a rut in a play­

ground, the supreme court held that the school district was not protected by section 24-24 of the School Code, and refused to consid­er whether section 3-106 of the Tort Immunity Act (dealing with public proper­ty intended or used for recreational purposes) would provide immuni­ty, as that section had not been pleaded in the trial court.  
Sidwell
, 146 Ill. 2d at 474-75, 588 N.E.2d at 1189.  The Tort Immunity Act does define a school dis­trict as a "local public entity" protect­ed thereunder.  745 ILCS 10/1-206 (West 1994).  Since 
Sidwell
, the supreme court has applied section 3-106 immunity to a school dis­trict.  
Bubb v. Spring­field School District 186
, 167 Ill. 2d 372, 657 N.E.2d 887 (1995) (school side­walk with painted lines, used to play a game known as "four-square").  

When the failure to furnish adequate safety equipment is alleged, as opposed to the failure to supervise, the School Code cases have found a strong public policy against relax­ing the school district's obligation.  
Gerrity
, 71 Ill. 2d at 52, 373 N.E.2d at 1326; 
Palmer
, 169 Ill. 2d at 560, 662 N.E.2d at 1264.  Never­theless, section 2-201 immunity has been applied in cases where it was alleged the injury was due to the equip­ment-furnish­

ing function of the Board.  
Bowers v. Du Page County Regional Board of School Trustees District No. 4
, 183 Ill. App. 3d 367, 376, 539 N.E.2d 246, 252 (1989); 
McGurk v. Lincolnway Community School District No. 210
, 287 Ill. App. 3d 1059, 1061-62, 679 N.E.2d 71, 72 (1997) (School Code and Tort Immunity Act are to be inter­preted indepen­dent­ly).  The argument has been rejected that the School Code, the more specif­ic stat­ute, is controlling over the Tort Immunity Act.  
Henrich v. Libertyville High School
, 289 Ill. App. 3d 809, 815-16, 683 N.E.2d 135, 139-40 (1997).  Section 2-201 immunity is broader than that under section 24-24, which is limited to those 
in
 
loco
 
parentis
, such as teachers.  Under section 2-201 of the Tort Immunity Act, discre­tion exercised by an employee in the dis­trict office may give rise to immunity on the part of the dis­trict.  There is no immunity under section 24-

24 for willful and wanton conduct, but section 2-201 is not so limited.  
In re Chicago Flood Litiga­tion
, 176 Ill. 2d 179, 196, 680 N.E.2d 265, 273 (1997), 
overrul­ing
 
Barth v. Board of Educa­

tion
, 141 Ill. App. 3d 266, 272-74, 490 N.E.2d 77, 81-82 (1986).    There was a distinction at common law between a munici­

pality's discretion­ary duties, where it could not be liable for negli­gence, and its minis­te­ri­al duties, where it could be liable.  Section 2-201 codifies discretionary immunity, but the cases have contin­ued to employ common law definitions of discre­tionary and minis­terial func­tions.  
Snyder v. Curran Township
, 167 Ill. 2d 466, 473, 657 N.E.2d 988, 992 (1995).  If a particu­lar action is deter­mined to be discretion­ary, the public employee taking the action will be immune from liability, under section 2-201.  The local public entity employing the public employee will also be immune from liability, under section 2-109 of the Tort Immunity Act, if the only basis for its liability is vicarious liability.  
Cf.
 
Bowers
, 183 Ill. App. 3d at 378, 539 N.E.2d at 253 (Board of Education operates only through its employees and can be held liable only if one of its employees can be held liable).  Where the act is minis­terial the local public entity may be liable, but the public employee will not be, absent willful and wanton conduct.  745 ILCS 10/2-202 (West 1994).

Discretionary acts are those that are unique to a partic­ular public office, while ministerial acts are those that a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propri­ety of the act.  
Harinek v. 161 North Clark Street Ltd. Partnership
, 181 Ill. 2d 335, 343, 692 N.E.2d 1177, 1182 (1998).  In 
Harinek
 the City of Chicago was not liable for an injury that occurred during a fire drill con­duct­ed by the fire mar­shal.  The fire marshal occu­pied a position involv­ing the deter­mination of policy, and his conduct as de­scribed in the complaint consti­tuted the deter­

mina­tion of policy and exer­cise of discre­tion.  The fire marshal was under no duty to plan and execute fire drills in a particular manner; he exercised discre­tion in deter­mining how, when, and where to hold such drills.  
Harinek
, 181 Ill. 2d at 343, 692 N.E.2d at 1181-82.  The dissent in 
McGurk
 argued that the common law duty to provide safety equip­ment made provid­ing football helmets to students a ministerial act.  
McGurk
, 287 Ill. App. 3d at 1063, 679 N.E.2d at 73 (Breslin, J., dissent­ing). 

In the present case, was the table saw operated without a guard as the result of the exercise of discretion of the teacher or some other employee of the school district?  Or was there simply some oversight that resulted either in the failure to furnish the guard, or the failure to use the guard after it was furnished?  See 
Snyder
, 167 Ill. 2d at 473, 657 N.E.2d at 992 (operation of a snowplow is neither a ministerial nor a discre­

tionary activity).  See also 
Currie v. Lao
, 198 Ill. App. 3d 625, 632, 556 N.E.2d 318, 323 (1990) (Heiple, J., specially concur­

ring) ("It is well settled that the negligent operation of a motor vehicle is not, as a matter of law, a uniquely governmental function"), 
aff'd
, 148 Ill. 2d 151, 592 N.E.2d 977 (1992); 
Buell v. Oakland Fire Protection District Board
, 237 Ill. App. 3d 940, 945, 605 N.E.2d 618, 621-22 (1992).  It is possi­ble there was an exer­cise of discre­tion here.  The saw operating manual directs that guards and other safety devices be used "for all operations where they can be used."  The shop teacher may have decided that the saw guard should not be used for the particular operation con­ducted by Courson.  

Not every discretion­ary action taken by a public employ­ee is immu­nized by section 2-201 of the Tort Immunity Act.  Only acts or omis­sions in determin­ing policy are immunized.  745 ILCS 10/2-201 (West 1994); 
Harinek
, 181 Ill. 2d at 341-42, 692 N.E.2d at 1181.  For example, a shop teacher who chooses to cut a board while the board is being held by a student could hardly be said to be determining policy.  See 
In re Chicago Flood
, 176 Ill. 2d at 194, 680 N.E.2d at 272-73 (select­ing a plan is discretion­

ary; carry­ing out the plan is minis­te­ri­al).  A shop teacher who in­structs his class not to use the saw guard for a certain opera­

tion, but to use some other safety device, may be deciding policy.  In 
Bowers
, the Board had the discretion to use or supply particu­lar equip­ment.  
Bowers
, 183 Ill. App. 3d at 379, 539 N.E.2d at 254.  In 
McGurk
, the district had the discretion to remove one face guard from a helmet and replace it with another.  
McGurk
, 287 Ill. App. 3d at 1062, 679 N.E.2d at 72.  Those cases are different from this one because they clearly involved the making of a choice, a policy choice, and not mere inad­ver­tence.  The failure to assem­ble or reassemble a saw in some cases could be more than a failure to supervise, where there would be immuni­ty under section 3-108 of the Tort Immunity Act.  745 ILCS 10/3-

108 (West 1994).  The deposi­tion of the shop teacher has not been taken in this case.  The Dis­trict, which has the burden of proof on its motion for summary judgment, has not established that there is no genuine issue as to any material fact and that it is enti­tled to judgment as a matter of law.  The motion for summary judgment should have been denied.

Section 2-201 of the Tort Immunity Act states that "
[e]xcept
 
as
 
other­wise
 
provid­ed
 by [s]tatute," a public employee is not liable for the exercise of discretion.  (Emphasis add­ed.)  745 ILCS 10/2-201 (West 1994).  It could be argued that section 3-102, which provides that "a local public entity has the duty to exercise ordinary care to maintain its property," is such a statutory exception.  745 ILCS 10/3-102 (West 1994).  Section 3-

102 codi­fies a duty that existed at common law.  
Bubb
, 167 Ill. 2d at 377-78, 657 N.E.2d at 891.  In 
Bubb
, the supreme court recognized that the recre­ational purposes immunity of section 3-

106 should not be read so broadly as to "eviscerate the duty codified in section 3-102."  
Bubb
, 167 Ill. 2d at 382, 657 N.E.2d at 893.  On the other hand, the existence of a duty, at least a common law duty, and the existence of an immunity are two sepa­

rate issues.  
Harinek
, 181 Ill. 2d at 346, 692 N.E.2d at 1183.  It is not clear how the supreme court would reconcile sections 2-

201 and 3-102, but we need not decide that question now.  It is sufficient to note that the District is not entitled to summary judgment, because it has not established that the failure to provide the saw guard was a discretionary act.  

Reversed and remanded.

GREEN and McCULLOUGH, JJ., concur.