2 November 2000

No. 2--99--1210

_________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

DON CATBERRO, Indiv. and ) Appeal from the Circuit Court

as Father and Next Friend of ) of Du Page County.

Bryan Catberro, a Minor,        )

                                )

     Plaintiff-Appellant,       )

                                ) 

v. ) No. 98--L--1002

)

NAPERVILLE SCHOOL DISTRICT      )

NO. 203,                        )  Honorable 

) C. Stanley Austin,

Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Don Catberro, individually and as the father and next friend of Bryan Catberro, appeals the circuit court's order dismissing his complaint against defendant, Naperville School District No. 203.  Plaintiff contends that the court erred in (1) recasting his complaint from one alleging the negligent maintenance of property to one alleging the negligent supply of equipment; (2) holding that a physical education teacher's purchase of equipment for use in class was immunized as an exercise of discretionary authority; and (3) holding that the teacher was included in the 
class of persons protected by discretionary immunity under the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/1–101 
et seq.
 (West 1998)).

The complaint alleges that Bryan Catberro was a fourth-grader at Riverwoods School.  During physical education class on May 5, 1998, Bryan tripped and fell while jumping over a rope strung between two poles.  One of the poles tipped over and struck Bryan, cutting his face.

Plaintiff alleged that the gym teacher had bought the poles at a garage sale.  The teacher did not hold a policy-making position in the school district.  On May 5, 1998, the poles were in a state of disrepair.  They had no caps, thereby exposing rough edges.  When he was injured, Bryan was jumping over the rope as the teacher had instructed him.  Bryan sustained permanent injuries to his face as a result of the incident.

Plaintiff filed a two-count complaint against the district, which moved to dismiss it.  The district asserted that it was immune from liability under the Act.  The trial court granted the motion, holding that the district could not be liable for negligently providing equipment and that the decision to purchase the poles was a discretionary one for which defendant was also immunized.  Plaintiff filed a timely notice of appeal.

Plaintiff first contends that the court erred by recasting his complaint.  Plaintiff argues that count I alleges that the district negligently maintained its property.  According to plaintiff, the court interpreted count I as alleging that the district negligently provided faulty equipment and dismissed the complaint on that basis.  Defendant responds that the complaint does not allege negligent maintenance and that it is plaintiff who is trying to recast his complaint.

Defendant moved to dismiss pursuant to section 2--619 of the Code of Civil Procedure (735 ILCS 5/2--619 (West 1998)).  Section 2--619 provides a means to obtain summary disposition of issues of law or easily proved issues of fact.  A section 2--619 motion admits the legal sufficiency of the cause of action.  An appeal from such a dismissal is reviewed 
de novo
.  
Klein v. DeVries
, 309 Ill. App. 3d 271, 273 (1999).

The Act governs whether and in what situations local governmental units are immune from civil liability.  
Epstein v. Chicago Board of Education
, 178 Ill. 2d 370, 375 (1997).  In construing the Act, our primary goal is to ascertain and give effect to the legislature's intention.  
Barnett v. Zion Park District
, 171 Ill. 2d 378, 388 (1996).  We will not depart from the plain language of the Act by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent.  
Barnett
, 171 Ill. 2d at 389.

We agree with plaintiff that the complaint contains allegations, which the trial court disregarded, that the district negligently maintained its property.  Paragraph 9 of the second amended complaint, the operative one here, alleged that defendant was negligent in that it:

"a.  Failed to properly inspect its poles and rope for safety;

b. Failed to ensure that the poles were properly capped;

c. Failed to replace the cap on the poles on which minor plaintiff was injured thus exposing minor plaintiff to danger of sharp edges;

d. Allowed the condition of the pole to deteriorate thus exposing minor plaintiff to sharp edges;

e. Instructed plaintiff to jump over equipment it knew or should have known was not reasonably safe."

Subparagraph 9(e) explicitly alleges that the district failed to maintain its property in that it "[a]llowed the condition of the pole to deteriorate."  Subparagraphs 9(a), 9(b), and 9(c), when read in the light most favorable to plaintiff, sufficiently allege a failure to maintain the equipment.  Thus, the complaint can fairly be read as alleging that the district failed to maintain its property in a reasonably safe condition.  The Act does not provide blanket immunity to defendant for negligently maintaining its property.  745 ILCS 10/3--102(a) (West 1998).  The court erred in dismissing the complaint on this basis.

Plaintiff also contends that the court erred in dismissing the complaint on the basis of discretionary-action immunity.  The complaint alleges that the teacher lacked the discretionary authority to purchase equipment on behalf of the district.  Plaintiff contends that this prevents the district from relying on the Act's discretionary-immunity provision.  Defendant responds that the district has the discretion to decide what equipment to use in its schools and that plaintiff failed to establish that the teacher did not have the authority to make such decisions.

Section 2--201 of the Act provides as follows:

"Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."  745 ILCS 10/2--201 (West 1998).

To qualify for the immunity provided by this section, an employee must hold a position involving either the determination of policy or the exercise of discretion.  However, the immunity will not attach unless plaintiff's injury results from an employee's act that involved both determining policy and exercising discretion.  
Harinek v. 161 North Clark Street Ltd. Partnership
, 181 Ill. 2d 335, 341 (1998).

The first question, then, is whether the teacher had either a policy-making role or the discretionary authority to purchase equipment.  Plaintiff argues that the complaint alleges the teacher's lack of such capacity.  The district responds that the teacher's acts of choosing the rope and poles and having the students jump over the rope were clearly discretionary.

By statute, the school board has the duty to determine what apparatus shall be used in the course of instruction. 105 ILCS 5/10--20.8 (West 1998).  Thus, the provision of equipment is a discretionary act of the school board for purposes of section 2--

201.  
Bowers v. Du Page County Regional Board of School Trustees District No. 4
, 183 Ill. App. 3d 367, 379 (1989).

Although the school district has the authority to purchase and furnish equipment to students, this authority is not shared with teachers and coaches.  
Thomas v. Chicago Board of Education
, 77 Ill. 2d 165, 171 (1979).  In 
Courson v. Danville School District No. 118
, 301 Ill. App. 3d 752 (1998), a student was injured in shop class while using a saw with the safety guard removed.  The court held that factual questions existed as to whether the removal of the guard was an exercise of discretion (in which case immunity might apply) or simply an oversight (which would not be immunized).  The court observed that the saw's operating manual implied that using the guard might not be practicable in certain operations.  
Courson
, 301 Ill. App. 3d at 757.  Thus, the failure to use the guard could have been a discretionary decision rather than mere negligence.

Similar questions exist here.  First, did the teacher have the discretionary authority to purchase equipment for use in physical education classes?  The complaint alleges that he did not, an allegation we must take as true for purposes of a motion to dismiss.  
Majca v. Beekil
, 183 Ill. 2d 407, 416 (1998).  As discussed above, the school board has the duty and discretion to provide apparatus for use in classes.  It is not clear that such authority can ever be delegated or, if it can be, whether the teacher in this case actually had such authority.  Moreover, it is not clear that the purchase of a single piece of equipment can be considered a policy determination as required for immunity under 
Harinek
.

The second question is, if the teacher was delegated some authority to buy equipment, was the purchase of the poles an exercise of that authority or merely negligence?  Did the teacher make a discretionary decision to purchase the poles in that condition and use them in class, or merely fail to inspect them properly?  These questions cannot be resolved in the context of a motion to dismiss.

The district argues that, when legal conclusions are disregarded, the complaint does not sufficiently allege that the teacher lacked discretionary authority.  However, as the movant under section 2--619, defendant has the initial burden of going forward.  
Klein
, 309 Ill. App. 3d at 273.  Moreover, immunity is an affirmative defense that defendant must plead and prove.  
Henrich v. Libertyville High School
, 186 Ill. 2d 381, 387 (1998).  Defendant may not shift this burden to plaintiff by arguing that the complaint does not contain allegations to refute the affirmative defense.

The cases on which defendant relies are distinguishable.  In 
Johnson v. Decatur Park District
, 301 Ill. App. 3d 798 (1998), a minor was injured by jumping off a trampoline.  There was no allegation that the trampoline itself was defective; plaintiff merely alleged that the coach was negligent in the way he instructed the gymnasts to use it, a matter clearly within his discretion.  
Johnson
, 301 Ill. App. 3d at 809-10; see 
Thomas
, 77 Ill. 2d at 171 (teachers and coaches have supervisory authority to conduct classes and practices).  In 
Bowers
, the complaint alleged that the defective equipment was provided by the school board rather than an individual teacher, so there was no question of a lack of authority.  
Bowers
, 183 Ill. App. 3d at 379.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and HUTCHINSON, JJ., concur.